

## NUMBER 13-13-00159-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**PAISLEY LOPEZ,**                                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                              **Appellee.**

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Paisley Lopez attempted to perfect an appeal from a conviction for possession of a controlled substance. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on January 9, 2013. No motion for new trial was filed. Notice of appeal was filed on March 18, 2013. On March 22, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected.

Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On June 3, 2013, appellant's counsel responded that appellant gave oral notice of appeal in open court on February 21, 2013.

The Texas Rules of Appellate Procedure require a notice of appeal "must be given in writing and filed with the trial court clerk." Tex.R.App. P. 25.2(c)(1). Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Appellant did not file a motion for extension of time to file her notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file her notice of appeal until March 18, 2013. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the

2

appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION. All pending motions are likewise DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.